

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 SEP 13  PM 4: 01

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUISIANA SHERIFFS' ASSOCIATION** | ) | **Case No.** |
| | ) | |
| **Plaintiffs,** | ) | **Section** **06-5924** |
| | ) | |
| **vs.** | ) | **Judge** |
| | ) | **Mag.** **SECT.1 MAG 1** |
| **VANGUARD CAPITAL, INC., FELTUS MCKOWEN, AND BRIAN ZAID** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION AND INCORPORATED
## MEMORANDUM CONFIRMING ARBITRATION AWARD

Defendant/Arbitration Respondent Vanguard Capital, Inc. ("Vanguard") moves this Court for an order and judgment confirming the Award entered by the empanelled arbitrators in *Louisiana Sheriffs' Association v. Vanguard Capital, Inc., Feltus Barrow McKowen, and Brian Zaid*, No. 03-08453 before the National Association of Securities Dealers, Inc. In support of its Motion, Vanguard states:

**1.**

In December 2003, LSA instituted an arbitration proceeding before the National Association of Securities Dealers Regulation, Inc. ("NASD") against Vanguard, entitled *Louisiana Sheriffs' Association v. Vanguard Capital, Inc., Feltus Barrow McKowen, and Brian Zaid*, No. 03-08453 (the "Arbitration").

{N1485850.2}

1

Fee $350⁰⁰
Process_____
X  Dktd_____
__CtRmDep_____
__Doc. No._____

**2.**

The U.S. Code provides:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.

9 U.S.C. §9.

**3.**

On May 4, 2006, the parties advised the NASD that they had settled this matter and thereafter requested that the arbitration panel enter a Stipulated Award recommending expungement of all references to the Arbitration from the NASD Central Registration Depository ("CRD") records of Jeffrey L. Richardson and Brian M. Zaid.

**4.**

Upon review of the above-referenced Motion, the arbitration panel entered its August 28, 2006 Award ("the Award") ruling upon all issues submitted for consideration. A true and accurate copy of the Award is attached as Exhibit 1 and incorporated by reference.

**5.**

Specifically, the arbitration panel recommended an expungement of all reference to the Arbitration from Richardson's and Zaid's registration files maintained by the CRD. *See* Ex. 1 at

p. 3. Industry rules require confirmation by a court of competent jurisdiction to implement expungement.

## 6.

On information and belief, NASD delivered the Award to the Plaintiff/Arbitration Claimant on or about August 29, 2006.

## 7.

The Uniform Submission Agreement signed by Defendants/Arbitration Respondents provided for confirmation by any court of competent jurisdiction and the arbitration was scheduled to be heard in New Orleans. This Court has jurisdiction under 9 U.S.C. § 9 and 28 U.S.C. § 1331. A substantial part of the events at issue in the underlying arbitration occurred in this District; therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

## 8.

Under the Federal Arbitration Act, an application for confirmation shall be made as a motion, 9 U.S.C. § 6, with notice and service upon the adverse party, 9 U.S.C. § 9. LSA, through counsel, has reviewed this motion, waived service, and indicated that it does not object to the entry of judgment confirming the arbitration award. *See* Ex. 2.

## 9.

Vanguard is entitled to Judgment confirming the Award pursuant to 9 U.S.C. § 9 and La. Rev. Stat. 9:4209.

**WHEREFORE**, Vanguard prays that this Court grant the following relief:

(1)    A Judgment confirming the Award, including, but not limited to confirmation of the arbitration panel's recommendation of the expungement of all reference to the Arbitration

from Respondents Jeffrey L. Richardson's and Brian M. Zaid's registration records maintained by the NASD Central Registration Depository;

    (2)    Such other and further relief as is appropriate under the circumstances.

Respectfully Submitted,

Thomas K. Potter, III (T.A.) (La. Bar No. 17348)
JONES, WALKER, WAECHTER,
  POITEVENT, CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8358
Facsimile: (504) 582-8011
Attorney for Defendant/Arbitration Respondent
Vanguard Capital, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon counsel of record for all parties to this proceeding, by courier, email or by United States mail, postage prepaid, on this 13th day of September, 2006.